J. S. ROGERS v. STATE.

No. 26,032. November 12, 1952.

*Dell and Perry Barber,* by *Dell Barber,* Colorado City, for appellant.

*Eldon Mahon,* District Attorney, Colorado City, *Elton Guilliland,* District Attorney, Big Spring, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is arson; the punishment, two years.

One of the able counsel for the state, in argument before this court, stated, "We submit that the only serious question in this case is that of jury misconduct." We agree with counsel.

In order to properly understand the question, we must review briefly something of what occurred during the trial. While the jury panel was being interrogated en masse, testing their qualifications, a member of the panel named Thixton stated that he had received an anonymous telephone call that was bothering him. At this juncture, the remainder of the panel were sent from the courtroom, and Thixton did not serve on the jury.

The evidence shows that one Leroy Lewis was appellant's only employee around the hotel on the night of the fire. It was stipulated that the colored man Lewis was indicted as an accomplice to the crime of arson for which the appellant was tried, but that the indictment against him was dismissed. It was further stipulated that the case against appellant had been tried once before at Colorado City.

During the course of the trial, while cross-examining appellant, the state's attorney asked him if his attorneys and his brother had not made Lewis' bond after the investigation of the fire. Objection was sustained to this question, and it was not answered; but the court refused to withdraw the question from the jury's consideration.

We now discuss the testimony given on the hearing on appellant's motion for new trial in which he had alleged that the jury received new evidence during the course of their deliberations.

Juror Walker testified that, during the course of their deliberations and while he and several other jurors were still voting for an acquittal, there was a general discussion to the effect that the Barbers (attorneys for appellant) "had the Negro bailed out and hid out in order not to appear in this trial." He stated that juror Thorp had made a speech to his fellow jurors during the course of which he said, "that if they have run the Negro off that makes him appear guilty and he will probably get more in another trial." Walker also stated that following this he changed his vote from "not guilty" to "guilty."

Juror Hamby testified concerning the Thorp speech to the jury as follows:

"Q. Did you hear Mr. Thorp make a talk? A. Yes, sir.

"Q. Tell the Court what you heard. A. I remember him making the remark about eleven for conviction in Colorado City and eight over here, and he said in a way it looked like us four was being a little stubborn. I don't remember just exactly how it was.

"Q. Did he say anything about 'If he has got an attorney that will run off Negroes and bribe jurors, we might be doing him a favor to give him two years, because some other jury might give him twenty? A. I wouldn't say he was the one that said it. I do remember it being said, but I don't know who said it.

"Q. Was that done before you voted for conviction? A. I am sure it was."

He further testified, as did juror Tucker, that juror Thomas had stated, during their deliberations in connection with a discussion of the Thixton telephone call, that it looked like "someone" was trying to bribe the jury. Juror Thomas, when called by the state, did not deny the statements of jurors Hamby and Tucker about someone trying to bribe the present jury; he merely stated that he did not say that a juror at the former trial had been bribed.

Juror Thorp, when being questioned, did not deny having made the statement attributed to him by the other jurors. Nor did any other juror deny that some person in the jury room had said, "if he has got an attorney that will run off Negroes and

bribe jurors, we might be doing him a favor to give him two years, because some other jury might give him twenty."

Since this testimony as to what occurred in the jury room was not controverted, no issue of fact was raised for the trial court's determination.

Under this state of the record, it became the duty of the trial court to grant appellant's motion for new trial.

The judgment is reversed and the cause remanded.