ERNEST CITIZEN V. STATE.

No. 26,758. January 17, 1954.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 17, 1954.

*McDaniel and Hunt* and *A. D. Downer,* Center, for appellant.

*Dudley Davis,* District Attorney, Center, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, five years.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

Appellant's motion for new trial is supported by the affidavit of the foreman of the jury, which recites that during their de-

liberations one of the jurors made the statement that he had heard that Dr. Dan Bussey of Timpson had made a medical examination of the prosecutrix shortly after the time when prosecutrix was alleged to have been raped and that such medical examination revealed that prosecutrix had had sexual intercourse with someone recently.

The testimony of seven jurors was heard on the motion. The affiant and another juror swore that such statement had been made during the course of their deliberations. Several other jurors testified that Dr. Bussey's name had been mentioned but that if any statement about his having found evidence of intercourse was made they did not hear it. It should be noted that no juror denied that any such statement had been made, and none testified that if the statement had been made he would have heard it.

An examination of the statement of facts on the main trial fails to reveal any mention of Dr. Bussey nor was any medical evidence introduced.

In Rogers v. State, 158 Tex. Cr. Rep. 8, 252 S. W. 2d 465, we said:

"Since this testimony as to what occurred in the jury room was not controverted, no issue of fact was raised for the trial court's determination.

"Under this state of the record, it became the duty of the trial court to grant appellant's motion for new trial."

Because of the receipt by the jury of new evidence on a material issue during their deliberations, the judgment is reversed and the cause remanded.