## MALCOLM SYLVESTER MCDANIEL V. STATE

No. 29,353. December 18, 1957.

Scott L. Daly, Fort Worth, for appellant.

Howard M. Fender, Criminal District Attorney, Bill Atkins and Albert F. Fick, Jr., Assistants Criminal District Attorney, Fort Worth, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 10 days in jail and a fine of $75.00.

In view of our disposition of the case a recitation of the facts is not deemed necessary other than to observe that on the date alleged the appellant, while driving his automobile on a public highway, collided with another automobile approaching from the opposite direction. Witnesses, called by the state, who observed the appellant at the scene after the collision testified relative to his appearance and expressed their opinion that he was drunk.

As a witness in his own behalf, appellant testified that on the day in question he had been collecting checks for his employer and that he had not consumed any intoxicating beverages during the day.

Appellant sought a new trial because of certain alleged jury misconduct.

In his motion, which was supported by the affidavit of one of the jurors, appellant alleged that during the jury's deliberation some of the jurors argued that he should have produced witnesses who had seen him immediately prior to his arrest and would have testified that he was not drinking and that in an effort to persuade the other jurors to vote for a conviction some of the jurors repeated several times, as a matter of law and fact, that if the jury did vote for a conviction the appellant would be entitled to and able to obtain a new trial and upon such new trial would have an opportunity to bring in the other witnesses which he should have produced to prove his innocence.

Upon the hearing of the motion, five of the jurors testified; the jurors Newsom and Moore being called by the appellant and the jurors Gilbert, Jackson and Lenihan being called by the state.

The testimony shows that four ballots were taken by the jury in arriving at their verdict; the first two ballots resulting in a vote of four to two for acquital, the third ballot being four to two for conviction, and on the fourth ballot a unanimous vote for conviction.

Mrs. Newsom testified that during the jury's deliberation

some of the jurors, in arguing for a conviction, stated that appellant should have brought in witnesses who had seen him a short time prior to the accident to testify that he had not been drinking and, in their argument, stated and discussed that if the jury voted for a conviction the appellant would be able to get a new trial and at that trial would have an opportunity to bring in the witnesses and prove his innocence. Mrs. Moore, the other juror called by appellant, corroborated the testimony of Mrs. Newsom that such statement and argument were made by the jurors who were arguing for a conviction of the appellant.

The juror Gilbert, upon being called by the state, testified that during the jury's deliberation there was some discussion about appellant not bringing in witnesses who had seen him an hour or two before the accident but that he did not remember any discussion about appellant having the right to a new trial.

The juror, Mrs. Jackson, testified that she remembered something being said about appellant getting a new trial and being able to bring in other witnesses to prove his innocence.

Juror Lenihan, the foreman, testified that during their discussion of the evidence some of the jurors "brought out" that appellant should have brought in witnesses who had seen him a short time prior to the accident and that it was discussed that appellant could appeal and would be able to get a new trial.

We have concluded that, under the testimony presented upon the motion, the court erred in refusing to grant to the appellant a new trial.

While the mere fact that the jury discussed the appellant's failure to call certain witnesses in his behalf would not entitle him to a new trial, the testimony shows that during the jury's deliberation upon the issue of appellant's guilt it was stated as a fact that if he was convicted he would be able to get a new trial at which time he could produce the witnesses to prove his innocence.

Such statement was clearly the receipt of other testimony by the jury during its deliberation which is one of the grounds for new trial under the provisions of Art. 753, V.A.C.C.P.

The harmful effect of such statement is borne out by the fact that four of the jurors changed their vote from that of acquittal to conviction of the appellant. Such statement appears

to have been more than a casual statement as is contended by the state.

Since no juror denied that the statement was made, the testimony that it was made was not controverted, and no fact issue was raised for the trial court's determination.

Under such state of the record the trial court should have granted the appellant's motion for new trial. See Rogers v. State, 158 Texas Cr. Rep. 8, 252 S.W. 2d 465 and McCoy v. State, 161 Texas Cr. Rep. 179, 275 S.W. 2d 676.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.