E. C. DAVIS V. STATE.

No. 30,942. October 28, 1959.

*Hackney & Crawford,* by *H. B. Virgil Crawford,* Brownfield, for appellant.

*Morgan L. Copeland,* District Attorney, *Monroe N. Clayton, Jr.,* County Attorney, Brownfield, and *Leon Douglas,* State's Attorney Austin, for the state.

400

MORRISON, Presiding Judge.

The offense is abortion; the punishment, 2 years.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

We quote from the testimony of the juror Raybon given on the hearing on the motion for new trial when the question of jury misconduct was being considered:

"Q. Mr. Raybon, during your deliberations I would like to ask you whether or not, while the jury was deliberating and before a verdict had ben reached, that there was any mention or discussion of the fact that the defendant probably or possibly had been guilty, or been carrying on this kind of business before, other than this offense? A. Yes, sir.

"Q. And was that mentioned one time or several times? A. No, sir. It was mentioned several times.

"Q. All right. And one time when it was mentioned, I will ask you whether or not you made this statement in the presence of the members of the jury, *"that there was not any doubt in your mind but that it had been going on,* but you weren't supposed to consider it, that the Court had charged you not to consider it. A. I did."

We quote from the testimony of the juror Barnett:

"Q. Now, after the jury had received the charge from the Court, and while they were in the jury room deliberating, state whether or not there was ever mentioned in that jury room the fact that the defendant possibly was guilty of other offenses other than this one he was on trial for? A. It was.

"Q. Was it mentioned one time or more? A. I will say several."

The state did not call any of the other jurors to testify at the hearing but relied upon their affidavits. From these, we fail to find any denial that the above testimony was true.

There was no evidence in the record from which it could reasonably be deduced that the appellant had prior to the occasion in question performed abortions upon other women.

It was further shown that one of the jurors related a personal experience of a "similar nature to this that he was on trial for."

It is settled law of this state that, where the testimony as to what occurred in the jury room is not controverted and shows that the jury during deliberation received other and new evidence, then there is no issue of fact for the trial court's determination and a new trial should be granted. Citizen v. State, 159 Texas Cr. Rep. 519, 265 S.W. 2d 109, and Rogers v. State, 158 Texas Crim. Rep. 8, 252 S.W. 2d 465. .

On rehearing in Davis v. State, 159 Texas Cr. Rep. 640, 266 S.W. 2d 174, we held that repeated discussions of improper matters by the jurors called for a reversal of the conviction.

In Evans v. State, 151 Texas Cr. Rep. 264, 207 S.W. 2d 622, we held that a new trial should have been granted where it was shown that one of the jurors said in the jury room, "That nigger has been guilty before."

See also Washington v. State, 161 Texas Cr. Rep. 440, 277 S.W. 2d 721, and cases there cited.

. We further observe that there was no evidence to support the allegation in the indictment that the instrument which was inserted into the "womb" of the prosecutrix was "metallic."

Because of the receipt of new and harmful matters by the jury during its deliberations, the judgment is reversed and the cause remanded.