**George A. KINGSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38151.**

Court of Criminal Appeals of Texas.

April 28, 1965.

Rehearing Denied June 9, 1965.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Joe Shaffer, Asst. Dist. Attys., Houston and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, two years in the Department of Corrections.

In view of our disposition of this case a recitation of the facts will be deemed unnecessary. Attached to appellant's motion for new trial is the affidavit of Juror Patton, who swore that during their deliberations as to the punishment to be assessed, "at least one juror was very strong for giving the defendant one year in the State Penitentiary. * * * We had quite a bit of discussion on the matter and finally I believe all of us on the jury would have agreed that one year and six months would be a suitable verdict. But someone specifically pointed out that the penitentiary punishment could be only in 'years' and not in years and months." Following this, the affidavit recites that in order to resolve this dispute the jury sent a note to the Judge inquiring if they might assess appellant's punishment at a year and months, but the Court declined to answer the note other than to state "Refer you to the Court's charge." Following this, the jury discussed the possibility of their verdict being "thrown out" if they set appellant's punishment at one year and six months. It was at this time that the juror who felt strongly that one year was the proper punishment changed his vote to two years.

At the hearing on the motion for new trial Juror Patton testified to substantially what was set forth in his affidavit, and the State filed no controverting answer to the motion and upon the hearing called no witnesses to testify.

The proposition stated in the jury room that "penitentiary punishment could be only in years and not in years and months" was clearly a misstatement of the law and at least one juror voted for a greater punishment after the statement was made. Farias v. State, 167 Tex.Cr.R. 546, 322 S.W.2d 281.

In Rogers v. State, 158 Tex.Cr.R. 8, 252 S.W.2d 465, we said:

"Since this testimony as to what occurred in the jury room was not controverted, no issue of fact was raised for the trial court's determination.

"Under this state of the record, it became the duty of the trial court to grant appellant's motion for new trial."

See also Davis v. State, 168 Tex.Cr.R. 399, 328 S.W.2d 315 and Adams v. State, 172 Tex.Cr.R. 130, 354 S.W.2d 147.

The judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

The court, in his charge, instructed the jury that in the event they found the defendant guilty as charged they would "assess his punishment by a fine of not less than One Hundred Dollars nor more than Five Thousand Dollars, or by confinement in the County Jail for not less than ten days nor more than two years, or by both such fine and imprisonment, or by confinement in the State House of Corrections for a term not to exceed five years."

During their deliberations, the jury inquired: "Is it permissable to give a sentence of years and months to the State penitentiary rather than whole years?" and the court replied: "Refer you to the court's charge."

Juror Patton testified at the hearing on appellant's motion for new trial that someone on the jury expressed a feeling that the verdict might be overturned because "even years had to be given," because of which the jury decided to send the note to the judge.

"Q. When the jury received the answer to the note, referring you to the Court's charge, did someone on the jury then indicate that this confirmed the feeling they had—that it had to be even years?

"A. It may not have confirmed it. It still left a question whether it was proper or not.

"Q. Yes, sir, and then because there was a general feeling on the part of some jurors that, unless you gave even

years, the verdict would be overturn-
ed—

"A. They considered it as part of it.
It might be. We wouldn't know.

"Q. But there was that general at-
titude expressed in the jury room?

"A. That's correct."

On examination by counsel for the state
the juror testified:

"Q. You and the other eleven jurors
took the charge of the *jury* and read it,
and to the best of your knowledge,
ability and belief, you came to a ver-
dict of guilty and you assessed a pun-
ishment of two years?

"A. Yes, sir.

"Q. At the time all twelve jurors
felt that two years was a proper ver-
dict in the case?

"A. Correct.

"Q. And Mr. O'Dowd had all twelve
jurors polled?

"A. Yes, sir.

"Q. And each indicated this was
their verdict in the case?

"A. Correct."

The record clearly reflects that no juror
who claimed to be informed on the subject
misled the other jurors or mis-stated the
law. Montello v. State, 160 Tex.Cr.R. 98,
267 S.W.2d 557; De La Rosa v. State, 167
Tex.Cr.R. 28, 317 S.W.2d 544; Mays v.
State, 167 Tex.Cr.R. 339, 320 S.W.2d 13
(dissenting opinion).

The court's charge correctly informed the
jury as to the applicable punishment. A
juror cannot impeach his verdict by testify-
ing that he misunderstood the court's
charge. Collins v. State, 66 Tex.Cr.R. 602,
148 S.W. 1065; McCulloch v. State, 35
Tex.Cr.R. 268, 33 S.W. 230; Davis v. State,
43 Tex. 189.

For like reason the jury's verdict cannot
be impeached by the testimony of one of
the jurors that other jurors had an errone-
ous feeling as to the meaning of the court's
charge.

I respectfully dissent.