George ROMING et ux., Appellants,

v.

John Robert McDONALD et al., Appellees.

No. 6381.

Court of Civil Appeals of Texas, El Paso.

Sept. 18, 1974.

Rehearing Denied Oct. 9, 1974.

Gerald B. Shifrin, El Paso, for appellants.

Dudley & Skipworth, William C. Dudley, Paul W. Dudley, El Paso, for appellees.

## OPINION

PRESLAR, Chief Judge.

■ The questions presented in this case relate to jury misconduct. Appellants, as plaintiffs, brought this suit for personal injuries from an automobile accident, and the jury by their answers to special issues found that the defendant was not guilty of any negligence and that the plaintiff was injured in the· amount of $10,000.00. From the resulting take-nothing judgment, the plaintiffs sought a new trial based on jury misconduct. Basis of the misconduct allegation was that some juror during the deliberations made the statement that they should consider the effect of their verdict on their insurance premiums. The defendant-driver was an uninsured motorist and his insurance carrier was also a party defendant in the suit. Rule 327, Texas Rules of Civil Procedure, governs the requirements for new trials based on jury misconduct. One complaining of jury misconduct under this Rule has the burden to prove: (1) the overt act of misconduct, and (2) that it was material conduct and from the record as a whole that injury probably resulted. Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup.1969). If either requirement is answered in the negative then the complaining party has not met the burden placed on him by Rule 327, supra. Whether misconduct did in fact occur is a fact question and whether injury probably resulted is a question of law. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944). If the evidence offered at the hearing on the motion for new trial is conflicting as to whether misconduct occurred, the decision of the trial Court on the question is binding on appeal. Brawley v. Bowen, 387 S.W.2d 383 (Tex. Sup.1965). But the Appellate Court is not bound by the trial Court's finding if the evidence is conclusive, as a matter of law. Such is the situation in the case before us. Seven jurors testified, four unequivocally, that the subject of increased insurance premium was brought up during the jury deliberations. The other three jurors stated that they could not recall or did not hear any such discussion. Their testimony cannot be construed as a denial of the first four jurors' statements for none said that it did not occur, only that they did not recall it or that they did not hear it if it was said. Since no juror denied that the statement was made, the testimony that it was made was not controverted and no fact issue was raised for the trial Court's determination. See Southwestern Sheet Metal Works, Inc. v. C. H. Leavell & Company, 414 S.W.2d 723 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.); McDaniel v. State, 165 Tex.Cr.R. 402, 308 S.W.2d 24 (1957). We conclude that misconduct did in fact occur.

■ As to the second question presented, we have carefully examined the entire record and hold that the plaintiffs have not sustained their burden of showing probable injury. One of the Appellants' main arguments is that probable harm is shown since the jury changed their vote on the issue of the defendant's negligence. On its face, this seems to show injury, but the proof is that the change in vote came because the jury had decided on the first day of their deliberations that they would go through and make tentative votes and write their answers in in pencil and then come back and review them later and make a final decision on them. That this procedure was used is uncontradicted and nowhere in any of the testimony is there any indication of a connection between the mention of insurance premiums and the change of vote. See Trousdale v. Texas & New Orleans Railroad Co., 154 Tex. 231, 276 S.W.2d 242 (1955). It is also clear that the subject of insurance premiums, while definitely mentioned, was only mentioned once and that there was no prolonged discussion of the subject. The testimony also is that it was not made seriously but was made in jest

and evoked some mirth among those who heard it. See St. Louis Southwestern Railway Company v. Gregory, 387 S.W.2d 27 (Tex.Sup.1965). From a review of the entire record, it appears that the $10,000.00 damages awarded to the plaintiff were ample for the injuries sustained. Thus the jurors were not skimping on their award to keep their premiums down. This is not a case where the verdict was tainted by a discussion of insurance, because the driver was an uninsured motorist and the insurance company was a party defendant. Under the system used by the jury of making tentative answers, several issues were changed on the final vote, but the one relevant, and here complained of, is the finding that the defendant-driver was not negligent. There is nothing in the record to lead reasonably to a conclusion that any juror's answer to that issue was affected by the statement that they should consider what their verdict would do to their insurance premiums. We conclude that the plaintiffs-Appellants have not met their burden of proving that injury probably resulted from the jury misconduct.

The judgment of the trial Court is affirmed.