**William A. ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59164.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 16, 1980.

Rehearing Denied Jan. 28, 1981.

---

H. Bryce Parker, III, Bedford, for appellant.

Malcom C. Smith, Austin, for appellant on rehearing.

Robert J. Glasgow, Dist. Atty. and Robert S. Lee, Asst. Dist. Atty., Stephenville, Robert Huttash, State's Atty., Austin, for the State.

Wayne Hughes, Dist. Atty., Stephenville, for the State on rehearing.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal follows conviction for the offense of possession of more than four ounces of marihuana wherein the jury assessed punishment at confinement in the Texas Department of Corrections for five years and a fine of one thousand dollars.

Though appellant advances some nineteen grounds of error, we need not reach each of these contentions. In his seventeenth ground of error, complaint is made that the trial court erred in failing to grant his motion for new trial based upon jury misconduct. We agree and now reverse.

This record reflects that at the close of these proceedings, juror Juanita Christopher executed a signed and sworn affidavit in which she detailed, *inter alia*, the manner by which new and harmful evidence tending to show that appellant's reputation in the community as a peaceable and law abiding citizen was bad. Her affidavit, in pertinent part, recites that:

"I will tell you another thing that John Journey [another juror] said. They [the lawyers] asked him if he would be prejudiced as he knew Bill [appellant], and he said no. He went on up there, this was in the last bout [the punishment stage]. Jerry Walker [another juror] asked him— he said, John, *this is not right but I am going to ask you if he [appellant] had called you as a character witness for him, would you have felt any different? He said no. That is just the way he felt.* This was during the second bout [punishment stage], *he said if I had been called as a character witness I would have said his character was bad.*" [1]

The State filed a trio of controverting affidavits from jurors Dona Jane Baxter, James Konvicka, and Jerry Walker in which these individuals attempt to controvert the allegations set forth in juror Christopher's affidavit. Though much of what Christopher alleges in the way of jury misconduct

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

*is* controverted,[2] there is *no* attempt by the State's affidavits to controvert the fact that at least one juror had informed the other that had *he* been called as a character witness, he too would have testified that appellant's reputation was bad.[3] At the hearing on appellant's motion for new trial, the State did not call any witnesses to rebut in any way juror Christopher's allegations though appellant *did* call Christopher to the stand during this hearing to authenticate her affidavit alluded to above. Though the State attempted to cross examine Christopher as to her allegations, there was never any attempt to rebut the allegations concerning those jurors who discussed the fact that appellant's reputation was bad, a fact at least one of them himself would have testified to, if called. At the close of the hearing, the trial court overruled appellant's amended motion for new trial.

The State advances a pair of contentions in response to this ground of error, neither of which is particularly persuasive. At the outset, argues the State, appellant failed to raise this issue in his original motion for new trial, a contention that need not detain us long. An examination of appellant's motion for new trial under subsection 11 recites:

> "The jury was guilty of misconduct in that: ... after retiring to deliberate the jury received, considered, and discussed unauthorized evidence, matters and unauthorized instructions on the law... All is more fully set out in the attached affidavit and is incorporated by reference."

The record also reflects that this identical contention was properly raised in appellant's amended motion for new trial as well. It is, therefore, beyond argument, that this contention was properly raised.

The State also argues that issues of fact as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge, and where there is conflicting evidence there is no abuse of discretion where the motion for new trial is overruled. See, e. g., *McCartney v. State*, 542 S.W.2d 156, 162 (Tex.Cr.App.1976). Yet the State overlooks a corollary of this rule as stated in *Hartman v. State*, 507 S.W.2d 557 (Tex.Cr.App.1974):

> "It is the settled law of this State that, where the testimony as to what occurred in the jury room *is not controverted* and shows that the jury during deliberation received other and new evidence, *then there is no issue of fact for the trial court's determination and a new trial should be granted.*"

*Id.* at 560, *quoting Davis v. State*, 168 Tex. Cr.R. 399, 328 S.W.2d 315, 316 (1959). See also *Kingston v. State*, 390 S.W.2d 752, 753 (Tex.Cr.App.1965); *Spriggs v. State*, 160 Tex.Cr.R. 188, 268 S.W.2d 191, 192 (1954); *Gibbs v. State*, 163 Tex.Cr.R. 370, 291 S.W.2d 320 (1956); *McDaniel v. State*, 165 Tex.Cr.R. 402, 308 S.W.2d 24, 26 (1957).

Article 40.03(7) provides that a new trial *shall* be granted "[w]here the jury, after having retired to deliberate upon a case, has received other testimony ..." and it is well settled that a new trial is mandated if the

---

**2.** Christopher had also alleged that the jury had made up their minds before they were seated in the jury room; that one juror had actually called the "dispatcher" to find out what kind of case her jury panel would try; that this same juror had concealed the fact that she had sat on two other marihuana cases in this court and voted for stiff penalties in each; that another juror conveyed to the jury the fact that her brother "had been slipped some dope in high school, and it liked to have killed him" and consequently, her parents' financial resources had been drained and she wanted to send people like appellant to the penitentiary; that several jurors expressed their own individual biases towards marihuana cases, one noting that if it were up to him, he would send appellant to prison for life; that several jurors discussed

what in fact would occur if they were deadlocked on a verdict as to punishment; and that a particularly religious juror "blew up" when it was noted that appellant and his wife had been living together without benefit of clergy at the time of this offense.

**3.** This record reflects that the State called some ten witnesses to the stand during the punishment phase of the proceedings, all of whom testified that appellant's reputation in the community as a peaceable and law abiding citizen was bad. These witnesses included a justice of the peace, a juvenile court investigator, an investigator with the local police department, and some seven law enforcement officers.

"other testimony" was adverse to the accused, a fact which is beyond pale in the instant case. This Court has stated time and again that it is the *character of the evidence* that controls the determination of this issue, and this Court will not speculate on the probable effects on the jury or the question of injury. See, e. g., *Rogers v. State*, 551 S.W.2d 369, 370 (Tex.Cr.App. 1977). The statutory provision here applied was designed by the Legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial. To adequately safeguard that right from erosion, the Legislature in its wisdom created a per se rule and it is the duty of this Court to follow mandate.[4] *Rogers v. State*, supra at 370. The State's reliance on *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App.1977), a case involving the receipt of evidence relating to the parole law is misplaced and is of little relevance to the complaint raised herein.

For the error pointed out above, the judgment is reversed and the cause remanded.[5]

Before the court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

The appellant was convicted of possession of more than four ounces of marihuana.

The jury assessed punishment at five (5) years' imprisonment and a fine of $1,000.00.

On original submission the panel opinion reversed the conviction because of jury misconduct at the punishment stage of the trial when a juror (John Journey) told his fellow jurors in response to an inquiry that he knew the appellant and that if he had testified he would testify appellant's reputation as a peaceful and law-abiding citizen was bad. The panel held that the jury had received other evidence after retiring to deliberate in violation of Article 40.03(7), V.A.C.C.P.

At the hearing on the motion for new trial, the only witness called was Juanita Christopher, who was called by the appellant. She testified, among other things, that the juror Journey during deliberation had stated his opinion of the appellant as stated out above and as set out in the opinion on original submission. Her affidavit filed in support of the new trial motion was introduced. The State introduced the "controverting" affidavits of three jurors which it was entitled to do under Article 40.06, V.A.C.C.P. These affidavits controverted some of the things Juanita Christopher had stated in her affidavit and testimony, but did not mention or controvert in any way her affidavit and testimony that juror Journey had stated to the jurors he knew the appellant and that his reputation

---

**4.** That the jury in this case wholly disregarded the trial court's instructions is more than evidenced by the following "boilerplate" instruction given to them at the offense stage of the proceedings:

"You are instructed that it is the purpose of the law to try a case solely on the law and the evidence. You can only consider facts and circumstances in evidence, and you must not consider or receive from any source facts or circumstances that have not been introduced by testimony before you. It is not proper for any juror to discuss or to mention to any other juror anything which he may have heard or read on the outside of the case. If any juror should discover that he has any outside information or has heard anything concerning the parties of the case, or any of the witnesses, or anything concerning the case, such juror should not impart such outside information to any other juror, nor

should he consider the same himself in arriving at a verdict."

**5.** In the event of a retrial, we wish to express our grave concern that the search warrant relied upon by the State is defective inasmuch as it fails to contain the requisite degree of probable cause to search any other portion of appellant's farm save for the "apartment residence portion of said dairy cow milking barn." We note that, despite this limitation, the officers executing the instant warrant recovered and the State eventually introduced into evidence quantities of marihuana from the milk barn and another building on the premises. We are sure that, upon retrial, the parties will give attention to this questionable warrant. See generally, *Bridges v. State*, 574 S.W.2d 560 (Tex.Cr.App. 1978); *Frazier v. State*, 480 S.W.2d 375 (Tex. Cr.App.1972); and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

in the community as a peaceful and law-abiding citizen was bad. Thus the testimony before the court at the hearing on the motion for new trial on the particular point was undisputed.

The cases cited by the State such· as *McCartney v. State*, 542 S.W.2d 156 (Tex. Cr.App.1976), are not relevant. Those cases hold that issues of fact as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge, and where there is conflicting testimony there is no abuse of discretion where the motion for new trial is overruled. The testimony here, however, was undisputed on the particular issue in question.

The appellant called, at the penalty stage of the trial, a banker, a dentist, a cattle man, and an electrician as reputation witnesses, four in all, who testified that appellant's reputation for being a peaceful and law-abiding citizen was good. Thus the issue of appellant's reputation as a peaceful and law-abiding citizen at the penalty stage of the trial was sharply drawn. The 28-year-old appellant, a dairy farmer, his wife, his mother, his father and father-in-law and a florist in Dublin, a friend, all testified at the penalty stage of the trial. They testified as to appellant's occupation, work habits, etc., and the florist stated the appellant paid his bills to her and was a sensitive individual. It was thereafter during deliberations that juror Journey, upon inquiry, stated that he knew the appellant and that the appellant's reputation as a peaceful and law-abiding citizen was bad. The jury received from a fellow juror other testimony, not under oath, on a disputed issue before the jury at the penalty stage of the trial which was damaging to the appellant. How can we say that there was harmless error beyond a reasonable doubt? We can't.

The State's motion for rehearing is overruled.