IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-407-CR




MONTY LANE RIGGS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT



NO. 4863, HONORABLE ROBERT C. WRIGHT, JUDGE PRESIDING


 





 After the jury found appellant guilty of the offense of delivery of a controlled
substance, methamphetamine, in an amount less than 28 grams, Tex. Health & Safety Code Ann.
§ 481.112 (West 1992), the court assessed punishment at confinement for eight years and a fine
of five thousand dollars. In a single point of error, appellant asserts that the trial court erred in
overruling his motion for new trial because the jury received other evidence during deliberations
that was detrimental to him. We overrule appellant's point of error and affirm the judgment of
the trial court.

 A new trial shall be granted an accused "where after retiring to deliberate the jury
has received other evidence; . . . ." Tex R. App. P. 30(b)(7). For a new trial to be mandated
because the jury received "other evidence" during deliberations, the evidence must have been
received by the jury and it must be adverse or detrimental to the defendant. Bratcher v. State, 771
S.W.2d 175, 188 (Tex. App.--San Antonio 1989, no pet.). A new trial for receipt of other
evidence is not required every time something is mentioned among the jurors that is not supported
by the evidence. Stephenson v. State, 571 S.W.2d 174, 176 (Tex. Crim. App. 1978). Issues of
fact raised at a hearing on a motion for new trial are for the determination of the trial court. Jones
v. State, 596 S.W.2d 134, 138 (Tex. Crim. App. 1989).

 Appellant's motion for new trial contained the affidavit of juror Earl Lowe. In his
affidavit, Lowe related that he did not feel appellant was guilty until he heard one of the jurors
say, "We all know what he (appellant) does," a statement Lowe understood to mean that appellant
was a known drug dealer. Lowe testified at the motion for new trial that he initially wanted to
find appellant not guilty. It was not until jury foreman Larry Shivener said, "We all know what
he does," and the discussion in the jury room that Lowe changed his vote to guilty. Lowe
understood the statement to mean that appellant was dealing drugs, and he felt intimidated by
Shivener's statement to return a verdict of guilty. Under questioning by the trial court, Lowe
stated "there were no other statements" than the one made by Shivener from which he drew his
conclusions.

 Shivener testified that he never attempted to intimidate any juror, and that he did
not bring anything up in the jury room or hear anyone else bring anything up in the jury room that
was not discussed in the court or brought into evidence in the courtroom. Juror Max Mahan
testified that no one mentioned anything in the jury room, by way of conversation or by way of
innuendo, outside the evidence heard in the courtroom. Mahan further stated that he did not hear
any juror being intimidated by any other juror to vote for a verdict other than what he wished.

 In Alexander v. State, 610 S.W.2d 750, 752 (Tex. Crim. App. 1981), cited by
appellant, it was shown by affidavit and testimony at the motion for new trial that one of the
jurors stated that if he had been called as a character witness, he would have testified that the
defendant's reputation was bad. The State did not controvert in any way the affidavit or the
testimony. The court concluded that the jury received from a fellow juror other testimony on a
disputed issue before the jury at the penalty stage of the trial which was damaging to the
defendant. Id. at 754. In Garza v. State, 630 S.W.2d 272, 275 (Tex. Crim. App. 1992), also
relied on by appellant, uncontroverted evidence was presented that "statements of fact outside the
record were introduced into jury deliberations" that the defendant had a bad criminal record. The
court concluded that the continued discussion of defendant's prior criminal record that ensued,
even after admonishment by some of the jurors that such could not be considered, was clearly
detrimental to defendant. Id. at 275.

 Appellant urges that as in Alexander and Garza, it is uncontroverted that juror
Lowe received other evidence that appellant was a known drug dealer. As appellant suggests, the
testimony of jurors Shivener and Mahon that they did not hear anything mentioned in the jury
room outside the evidence heard in the courtroom does not unequivocally controvert Lowe's
testimony. On the other hand, we do not find the clear import of the statement, "We all know
what he does," to mean that appellant was a known drug dealer. Evidence introduced at trial
reflected that appellant was in the feed and seed business in San Saba. Under questioning by the
court, Lowe stated that the words, "We all know what he does," constituted the basis for his
conclusion. A jury verdict may not be impeached by showing the reasons for the conclusions and
the mental processes by which the jury reached its verdict. Daniels v. State, 600 S.W.2d 813,
816 (Tex. Crim. App. 1980). Given the state of the evidence presented at the motion for new
trial, we conclude that the matter of whether the jury received other evidence detrimental to
appellant was a question of fact to be resolved by the trial court. The trial court's decision will
not be reversed unless an abuse of discretion is shown. Beck v. State, 573 S.W.2d 786, 791 (Tex.
Crim. App. 1978). We hold that the trial court did not abuse its discretion in overruling
appellant's motion for a new trial.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Affirmed

Filed: November 17, 1993

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).