

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1049-19

---

### ZAID ADNAN NAJAR, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

---

**KEEL, J., delivered the opinion for a unanimous court.**

## O P I N I O N

Appellant was convicted of evading arrest in a motor vehicle. In his motion for new trial, he presented affidavits citing a conversation with a juror who stated that during deliberations the jurors heard a siren from outside, they made assumptions about the case based on that siren, and it affected their deliberations.

The trial court denied the motion for new trial, but the court of appeals reversed, holding that the jurors received other evidence in violation of Rule 21.3(f), which

mandates a new trial. *Najar v. State*, 586 S.W.3d 110, 116 (Tex. App.—Houston [14th Dist.] 2019); Tex. R. App. P. 21.3(f).

We granted the State's petition for discretionary review to consider whether the trial court was required to believe the affidavits, and if so, whether the siren was "other evidence" received during deliberations under Rule 21.3(f). We hold that the trial court was not required to believe the affidavits and that the siren was not "other evidence" under Rule 21.3(f). We reverse the judgment of the court of appeals and remand the case for consideration of Appellant's remaining point of error.

## I. Background

Appellant was convicted of evading arrest in a motor vehicle for a brief, high-speed chase on Houston's Loop 610 highway. The only witness to testify at the trial was the arresting officer, Houston Police Department Officer Victor Bachar. When Bachar saw Appellant going over 100 miles per hour, weaving through traffic, and flashing red and blue lights, he activated his patrol car's emergency lights and siren and gave chase. After about a minute, Appellant got stuck in traffic near the Galleria, Bachar caught up to him, and Appellant pulled over.

The State had to prove that Appellant knew the officer was trying to pull him over. Tex. Penal Code § 38.04(a). The defensive theory, advanced through cross examination and argument, was that Appellant was unaware of Bachar's efforts to stop him until Bachar was directly behind him.

After Appellant was convicted, his trial attorneys spoke with one of the jurors. The juror said that during deliberations, the jurors heard a siren from outside and reasoned that if they could hear a siren from a room on the fifteenth floor, then Appellant could have heard the police siren before the officer was directly behind him. This conversation was the basis of the affidavits sworn by Appellant's trial attorneys and submitted at the motion for new trial hearing.

Appellant argued that the affidavits were admissible under a hearsay exception and supported a new trial under Rule 21.3(f) because the siren was other evidence, citing *Rogers v. State*, 551 S.W.2d 369 (Tex. Crim. App. 1977), *Carter v. State*, 753 S.W.2d 432 (Tex. App.—Corpus Christi 1988, pet. ref'd), and *Scott v. State*, 819 S.W.2d 169 (Tex. App.—Tyler 1991, pet. ref'd). The prosecution argued that the siren was within the jurors' experience and perception and was not an "outside influence" that could support a new trial, citing "McQuarre," apparently a reference to *McQuarrie v. State*, 380 S.W.3d 145 (Tex. Crim. App. 2012). The trial court considered the authorities provided and made her ruling with some remarks indicating that she did not think the siren was other evidence. Appellant requested oral or written findings, and the trial court said the State would provide them. The State said nothing, and the hearing was adjourned. No findings appear in the record.

When Appellant offered the affidavits at the hearing, the following exchange took place:

[Defense attorney]: And I think the State's already had a chance to look at [the affidavits]. I'd offer those into evidence. On those I would like to point out, I think the State agrees with the factual basis of that affidavit, which is, this conversation with the jury took place. I know we have a dispute on the law. I don't know if that's correct, for the record.

[Prosecutor]: That's correct.

THE COURT: Any objections?

[Prosecutor]: No objections, Your Honor.

Based on this exchange, the court of appeals noted that the prosecutor "agreed with the factual basis of this affidavit" and that the "State neither contested that the jury heard and discussed the siren while deliberating, nor that the members of the jury had relied on their ability to hear the siren in finding appellant guilty." *Najar*, 586 S.W.3d at 114. It held that "[b]ecause there is no evidence contradicting trial counsel's unobjected-to affidavit, no factual dispute in that regard was presented for the trial court's resolution[,]" and the "receipt" prong of Rule 21.3(f) was satisfied. *Id.* It then held that the siren was detrimental "other evidence" received during deliberations, requiring a new trial under Rule 21.3(f). *Id.*

The first ground for review asks whether the trial court was required to believe the affidavits. We answer that question "no" for two reasons. First, the trial court is entitled to disbelieve evidence submitted in a hearing on a motion for new trial even if the evidence is uncontroverted. Second, the trial court was entitled to disregard the affidavits as inadmissible under Rule 606(b) of the Texas Rules of Evidence. The second ground for review asks whether the siren was other evidence under Rule 21.3(f),

and we hold that it was not because it was not evidence at all nor was it detrimental to Appellant.

## II. A Trial Court May Disbelieve Uncontroverted Evidence

We have long held that a trial court's ruling on a motion for new trial will only be reversed for an abuse of discretion. *See Grizzell v. State*, 298 S.W.2d 816, 821 (Tex. Crim. App. 1956). However, this standard has been applied in two different ways. One standard is deferential, and the other is deferential only if there is a fact issue or controverted evidence.

Under the deferential standard the trial judge has "the right to accept or reject any part" of a witness's testimony when ruling on a motion for new trial. *Beck v. State*, 573 S.W.2d 786, 791 (Tex. Crim. App. 1978); *Colyer v. State*, 428 S.W.3d. 117, 126 (Tex. Crim. App. 2014). That discretion applies to testimony provided by affidavit. *See Charles v. State*, 146 S.W.3d 204, 213 (Tex. Crim. App. 2004) (superseded by rule on other grounds). We afford almost total deference to a trial court's fact findings, view the evidence in the light most favorable to the trial court's ruling, and reverse the ruling only "if no reasonable view of the record could support" it. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). In the absence of express findings, we must presume all findings in favor of the prevailing party. *Id.*

But the court of appeals relied on the less-deferential standard of review by which we defer to the trial court's ruling denying a new trial only where there is a fact issue or "conflicting evidence." *E.g.*, *Thomas v. State*, 699 S.W.2d 845, 854 (Tex. Crim. App.

1985) (affirming denial of motion for new trial for juror misconduct because there was conflicting evidence on the matter). If the testimony about an allegation of juror misconduct is uncontroverted, "then there is no issue of fact for the trial" judge, and he must grant a new trial. *Hartman v. State*, 507 S.W.2d 557, 560–61 (Tex. Crim. App. 1974) (quoting *Davis v. State*, 328 S.W.2d 315, 316 (Tex. Crim. App. 1959).

This less-deferential approach originated with a statute dating back to 1879. *See* Tex. Code Crim. P. art. 781 (1879) (repealed). Through all of its recodifications the statute has read almost the same: "The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial, and in such case the judge shall hear evidence by affidavit or otherwise and determine the issue." *Id.*; *see id.* art. 821 (1895) (adding a comma); *id.* art. 841 (1911) (changing comma to semi-colon and added three more commas); *id.* art. 757 (1925) (making non-substantive word change); *id.* art. 40.06 (1974) (removing a comma). In its final iteration it read: "The State may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue." *Id.* art. 40.06 (1974) (repealed 1986).

This statute meant that a trial court could deny a new trial only in the face of controverting evidence, and although the Court adhered to it, it often failed to cite it. *E.g.*, *Lawrence v. State*, 36 S.W. 90, 91 (Tex. Crim. App. 1896) (affirming denial of new trial because of "controverting affidavits"); *Rogers v. State*, 252 S.W.2d 465, 466 (Tex. Crim. App. 1952) (reversing denial of new trial for lack of controverting evidence). It is

unclear that the statute was ever cited in support of the less-deferential approach, leaving the rationale for the less-deferential standard of review unexplained.

But that statutory language was abandoned in 1986 when Rule 31(b) of the Rules of Appellate Procedure was adopted.   Rule 31(b) removed the clause specifying that the judge must hear evidence when the State takes issue with the truth of the cause, thereby removing the State's need to controvert the truth of the cause in order to raise a fact issue for the trial court.   *See* Tex. R. App. P. 31(b) (repealed 1997).   The relevant rule now reads as follows:   "The State may oppose in writing any reason the defendant sets forth in the motion for new trial. The State's having opposed a motion for new trial does not affect a defendant's responsibilities under 21.6."   Tex. R. App. P. 21.5.   The current rule does not require controverting evidence from the State to raise an issue on a motion for new trial.

We last cited the less-deferential standard in *Salazar v. State*, where we upheld a trial court's denial of new trial because the evidence conflicted as to whether the jury discussed parole during deliberations.   38 S.W.3d 141, 148–49 (Tex. Crim. App. 2001). Like earlier cases, *Salazar* did not attribute the less-deferential standard to any statute or rule.   The lack of attribution in our earlier cases allowed the less-deferential standard to become untethered from its statutory basis.   In *Colyer*, we brought the standard in line with the contemporary rule.

Although we cited *Salazar* in *Colyer*, we stated that even uncontroverted evidence at a motion for new trial hearing may be disbelieved by the trial court.   *Colyer*, 428

S.W.3d at 122–23, 122 n.16. We distinguished uncontroverted facts from "undisputed" facts such as those stipulated to. *Colyer*, 428 S.W.3d at 122 (citing *Evans v. State*, 202 S.W.3d 158, (Tex. Crim. App. 2006). We rejected Colyer's argument and the lower court's holding that the juror's testimony about alleged outside influence was binding. *Colyer*, 428 S.W.3d at 121, 126. "[T]he trial judge was entitled to discredit [the juror's] post-trial testimony, even if it had been wholly uncontradicted." *Id.* at 126.

Thus, *Colyer* silently abandoned the less-deferential standard and affirmed that a trial judge is not required to believe evidence offered in connection with a motion for new trial merely because it is uncontroverted. We now expressly affirm that holding and apply a uniformly deferential standard of review to a trial court's findings in ruling on a motion for new trial: the trial court is the exclusive judge of the credibility of the evidence, regardless of whether the evidence is controverted, and its ruling will be reversed only for an abuse of discretion, that is, if it is arbitrary or unsupported by any reasonable view of the evidence.

A trial court is not bound to believe a particular fact unless it is conclusively established. Facts may be conclusively established by formal stipulation. *See Evans*, 202 S.W.3d at 163, 163 n.16 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 815 (Tex. 2005)). Or they may be conclusively established by, for example, "indisputable visual evidence[.]" *See Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012) ((quoting *Tucker v. State*, 369 S.W.3d 179, 187 (Tex. Crim. App. 2012) (Alcala, J., concurring)) (relying on dash-camera video and body-microphone audio); *Evans*, 202 S.W.3d at 163

n.16.   But if there are "at least two" plausible interpretations of the evidence, it is within the trial court's exclusive purview to decide which interpretation to believe.   *See Evans*, 202 S.W.3d at 165.

Appellant argues that the trial court had to believe the affidavits because the prosecutor said "that's correct" in response to the defense attorney's remarks made before he offered them into evidence and expressly waived objection to their admission, and this made the affidavits undisputed.   According to the defense attorney's own pronouncement, however, the "fact" agreed to by the prosecution was that the conversation between the juror and the attorneys took place.   Furthermore, there was no formal stipulation, the affidavits are not indisputable visual evidence, and there are at least two ways of interpreting them.   One of those ways is with skepticism because they are second-hand renditions prepared by advocates in anticipation of a motion for new trial.   Consequently, the trial court would not have abused its discretion in disbelieving the affidavits.

Appellant objects to our consideration of the State's argument that the trial court did not have to believe the affidavits because it did not make that argument in the court of appeals.   But an appellee's failure to make an argument in the court of appeals does not prevent us from considering it.   *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007).

The trial court did not have to believe the affidavits though they were uncontroverted and admitted without objection. Furthermore, it could have disregarded them under Rule 606(b).

## III. Rule 606(b): Alternative Applicable Legal Theory

The State argues that Rule 606(b)'s general rule prohibiting jurors from impeaching their verdicts is an applicable legal theory on which to uphold the trial court's ruling because the trial court could have disregarded the affidavits as inadmissible. Appellant counters that because the State did not object to the affidavits when they were offered, the evidence therein was properly before the trial court. Similarly, the court of appeals majority, responding to the dissenting opinion, suggested that the State failed "to preserve" its argument by not objecting to the affidavits under Rule 606(b) and by not complaining about "outside evidence" before the affidavits were admitted. *Najar*, 586 S.W.3d at 113 n.3.

Appellant and the court of appeals err to impose a duty to preserve error on an appellee. An appellant must object and preserve error, but not an appellee. *See Darcy v. State*, 488 S.W.3d 325, 329 (Tex. Crim. App. 2016) ("Ordinarily, the appealing party must have raised a particular complaint at trial before he can raise it on appeal."); *Bonilla v. State*, 452 S.W.3d 811, 813 (Tex. Crim. App. 2014) (party complaining about trial court's ruling bears burden of preserving error for review); *see also* Tex. R. App. P. 33.1. Preservation rules are "judge-protecting" rules. *Martinez v. State*, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002). That means that "appellate courts may *uphold* a trial court's

ruling on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised." *Id.* at 336. It does not matter whether the trial court relied on the alternative theory or whether the prevailing party raised it. *State v. Castanedanieto*, 607 S.W.3d 315, 327 (Tex. Crim. App. 2020). A legal theory is applicable as long as the appellant had "an adequate opportunity to develop a complete factual record with respect to the theory." *Id.*

In this case, the State is not trying to reverse the trial court with its Rule 606(b) argument; rather, it is defending the trial court's ruling on those grounds. The factual record for that legal theory was fully developed by the affidavits. Moreover, Rule 606(b) was the focus of the State's argument before the trial court, so its defense of the trial court's ruling on that basis should not surprise Appellant. It was an applicable legal theory, and the trial court would not have abused its discretion in disregarding the attorney's affidavits under the terms of Rule 606(b).

Rule 606(b) bars juror testimony or other evidence offered to impeach a verdict except when, as relevant here, it pertains to an "outside influence improperly brought to bear upon any juror." Tex. R. Evid. 606(b). An outside influence is improperly brought to bear upon a juror if it is done so "with an intent to influence the juror." *Colyer*, 428 S.W.3d at 128–29. There is no suggestion here that the siren was sounded outside the courthouse with an intent that any juror should hear it, let alone with intent to influence

the jurors. Thus, the trial court would not have abused its discretion in disregarding the affidavits as inadmissible under Rule 606(b).

Even if Rule 606(b) would not have justified the trial court in disregarding the affidavits, the trial court's ruling was also supported for the reason the trial court gave: the siren was not "other evidence."

## IV. The Siren Was Not "Other Evidence" Under Rule 21.3(f)

Rule 21.3(f) says that a "defendant must be granted a new trial . . . when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result[.]"" Tex. R. App. P. 21.3(f); *see Stephenson v. State*, 571 S.W.2d 174, 176 (Tex. Crim. App. 1978) (applying Texas Code of Criminal Procedure article 40.03(7)). Before its adoption, Rule 21.3(f) existed in nearly identical form as the now-repealed Article 40.03(7). *Compare* Tex. R. App. P. 21.3(f) *with* Tex. Code Crim. P. art. 40.03(7) (repealed 1986) (both requiring a new trial when the jury, during deliberations, receives "other evidence," has talked with anyone about the case, or has become intoxicated to the point of probably affecting the verdict). Rule 21.3(f) and Article 40.03(7) are *in pari materia*, so our precedents interpreting and applying Article 40.03(7) remain good law. *See Salazar*, 38 S.W.3d at 147–48.

To qualify as "other evidence" received in violation of Rule 21.3(f), the evidence must be detrimental to the defendant. *Stephenson*, 571 S.W.2d at 176. That depends on "the character of the evidence, in light of the issues before the jury, not the effect of such

evidence on the jurors." *Garza v. State*, 630 S.W.2d 272, 274 (Tex. Crim. App. 1981 [panel op.]).

Garza was granted a new trial in his heroin possession case for receipt of other evidence when jurors said during deliberations that he "had a bad criminal record[.]" *Id.* at 273–74. The discussion was "clearly detrimental" to him. *Id.* at 275. In the juvenile case of *In the Matter of M.A.F.*, the jury received other evidence when a marijuana cigarette was discovered in a jacket admitted as an exhibit at trial and sent back to the jury during deliberations. 966 S.W.2d 448, 449 (Tex. 1998). The marijuana cigarette was "actual, concrete evidence indicating that M.A.F. had committed a collateral offense" and so was detrimental to him. *Id.* at 451. In *Stephenson*, several jurors disparaged defense witnesses as having bad reputations for truthfulness, and one juror said she personally knew the facts of the case and that the defendant was guilty. 571 S.W.2d at 176. This was "other evidence" adverse to the defendant. *Id.*

But a "passing remark" would not qualify as other evidence. *Id.* Furthermore, jurors are entitled to draw from their general life experiences when evaluating the evidence. *See Frazer v. State*, 268 S.W. 164, 166 (Tex. Crim. App. 1924) (jurors' experiences are proper discussion during deliberations).

In this case, the purported evidence was the sound of a siren from outside the building where the jury was deliberating. It was a random noise unconnected to the case, and the jurors heard it by happenstance. It was not proof of Appellant's criminal history or his commission of an extraneous offense nor was it a commentary on the

credibility of the witness against him.   It was not even a passing remark.   It does not qualify as "other evidence" under Rule 21.3(f) because it was not detrimental to Appellant—it had nothing to do with him or his case—and hearing a random siren is a common life experience, not evidence.

## V.   Conclusion

The trial court did not have to believe the affidavits and could have disregarded them as inadmissible under Rule 606(b).   Furthermore, the sound of a siren unconnected to the evidence before the jury and heard by happenstance is not "other evidence" received during deliberations under Rule 21.3(f).   The trial court did not abuse its discretion to deny Appellant's motion for new trial, and the court of appeals erred to reverse the trial court.   We reverse the judgment of the court of appeals and remand the case for consideration of Appellant's remaining point of error.

Delivered: March 3, 2021

Publish