JOHNNIE STONE v. THE STATE.

No. 13471. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 822.

The opinion states the case.

*Oscar Callaway* of Comanche, and *F. O. Jaye* of De Leon, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The issue of guilt was closely contested. A witness for the state testified that he made arrangements with appellant to furnish him some whiskey, and that after paying appellant he went to a designated point, where the whiskey was delivered. A second state's witness, who was an officer, testified that he saw the whiskey delivered by appellant, and that the purchaser paid him at the time of the delivery. Appellant denied that he sold the whiskey, and testified that the alleged purchaser took him to a place in town and

gave him a drink of whiskey. Several witnesses for appellant testified that the general reputation of the two state's witnesses for truth and veracity was bad. In rebuttal the state offered witnesses who testified that the general reputation of said parties in the respect mentioned was good.

In his motion for a new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony, the specific complaint being that, before it was determined that appellant was guilty, the foreman of the jury stated, in the presence and hearing of the jury, that he knew the officer who testified for the state and that he was a good officer and a trustworthy man. The testimony heard by the court on the motion was uncontroverted to the effect that the juror had known the officer for fifteen years and that he expressed the opinion to the jury that from his "own knowledge" and all accounts, he was a good officer. At the time the statement was made the jury stood seven for an acquittal and five for conviction.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for a new trial. Subdivision 7 of Art. 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. McDougal v. State, 194 S. W. 944; Hanks v. State, 269 S. W. 106; Holland v. State, 298 S. W. 898. The unsworn statement of the foreman of the jury that the witness was within the knowledge of the juror a good officer was equivalent to a declaration that he was worthy of belief. Upon this issue the jury had heard testimony pro and con. The foreman of the jury added the weight of his unsworn statement to the testimony of the witnesses for the state, who had declared that the general reputation of the witness for truth and veracity was good. It was the duty of the jury to pass upon the credibility of the witnesses. The aid given them by the foreman of the jury may have turned the scales against appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.