Russell L. STEPHENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55443.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 27, 1978.

William H. Sheehan (on appeal only), Dumas, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape; punishment was assessed at twenty five years.

In one ground of error appellant contends the trial court improperly denied his motion for new trial. The motion alleged receipt of other evidence by the jury during deliberations in violation of Article 40.03(7), V.A. C.C.P., which provides in relevant part:

"New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

". . .

"(7) Where the jury, after having retired to deliberate upon a case, has received other evidence; . . ."

In *Pafford v. State,* 138 Tex.Cr.R. 299, 135 S.W.2d 990, the Court wrote:

"It is apparent from the record as a whole that some member or members of the jury, while they were considering their verdict, related facts to their fellow jurors that were not in evidence before them. This was improper. Sec. 7 of Art. 753 [now 40.03] C.C.P., provides that where the jury, after having retired to deliberate upon a case, have received other testimony, a new trial shall be granted. This court has consistently held that where this is true, the court will not ordinarily speculate upon the question of injury. [citations omitted.] . . . Testimony received by the jury, under the circumstances as disclosed by this record, is contrary to the constitutional provisions according to the defendant the right to be confronted by the witnesses against him. See *Snow v. State,* 91 Tex. Cr.R. 1, 237 S.W. 563."

More recently in *Rogers v. State,* Tex.Cr. App., 551 S.W.2d 369, the Court wrote:

"It is the *character of the evidence* that controls the determination of this issue, and the Court will not speculate on the probable effects on the jury or the question of injury. . . . Unless there is a fact issue raised on whether the jury actually received the other evidence . . . the statute requires reversal if the evidence was adverse to the defendant. The statutory provision here applied was designed by the Legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial."

In the instant case the affidavit of the jury foreman was submitted to the trial court in support of appellant's motion for new trial. That affidavit recites:

"During the deliberations of the jury on the guilt or innocence of Russell L. Stephenson of the charge, I heard several women jurors say that they knew the defense witnesses Bobbie Jones and Janie Hendrix and that they knew personally that Bobbie Jones and Janie Hendrix and the other principals did not have good reputations for being truthful.

"There were other discussions during the jury deliberations in which Mrs. Forrest Taylor and all other jurors said substantially that she knew the facts or some of the facts in the case personally and that they knew that Russell L. Stephenson was guilty beyond a reasonable doubt of the charge."

The trial judge denied the motion for new trial on the basis of the affidavit alone without an evidentiary hearing. The State did not take issue with appellant on the matter (see Art. 40.06, V.A.C.C.P.) and filed no affidavits by other jurors.

■ The credibility of witnesses is for the jury to decide, and receipt of evidence touching on their credibility is within the scope of Art. 40.03(7), supra. *Stone v. State,* 116 Tex.Cr.R. 319, 31 S.W.2d 822. The nature of the other evidence received by the jury during deliberations was adverse to appellant within the terms of the statute. Absent a controverted fact issue on whether such evidence was received, the trial court should have granted the motion for new trial.

In its brief the State argues that the other evidence could not reasonably have influenced the verdict because of the strength of the State's case. In his testimony appellant denied that the intercourse was without the prosecutrix' consent. The two defense witnesses referred to in the affidavit testified at the guilt stage of the trial that the prosecutrix' reputation in the community for truth and veracity and for morals and decency was bad. We conclude from the character of the other evidence received by the jury during deliberations that such evidence was adverse to appellant and requires a new trial. *Rogers v. State,* supra.

■ Lest we be misunderstood, however, we hasten to add that a new trial for receipt of other evidence is not required every time something is mentioned among the jurors that is not supported by the evidence. The two requirements for reversal under Art. 40.03(7), supra, are (1) that the evidence be detrimental to the accused and (2) that it be received by the jury. That it must be detrimental to the accused has been emphasized in many cases. See *Rogers v. State,* supra, and authorities cited there. That it must be received by the jury has frequently been examined as a disputed fact issue. See *McCartney v. State,* Tex.Cr. App., 542 S.W.2d 156, and cases cited there. The question of whether the jury has *received* other evidence, however, may also be a question of degree in some instances. Something said in *Heredia v. State,* 528 S.W.2d 847, with respect to jury misconduct under Art. 40.03(8), supra, may be applied to the question of whether other evidence was *received* under Art. 40.03(7):

". . . the *mere mention* of the parole law would not be such misconduct as would require a new trial. Likewise, a discussion of the parole law, followed by instructions that it should not be discussed, coming from the court in response to a message from the jury or coming from a juror, *after which it is not further discussed,* would not be such misconduct as to require a new trial." (Emphasis added.)

We likewise feel such a passing remark would not constitute a receipt of other evidence, and effective corrective action could remove the taint of such receipt during deliberations, similar to the corrective action of an instruction to disregard evidence improperly heard during trial. We make these comments to prevent an overly broad application of Art. 40.03(7) by the trial judges of the State when they apply this mandatory statute in hearing motions for new trial. In this case, however, other evidence detrimental to appellant was shown to have been received by the jury, and reversal is mandated.

The judgment is reversed and the cause remanded.