Abel ZUNIGA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–193–CR.
(2206cr).

Court of Appeals of Texas,
Corpus Christi.

May 13, 1982.

Rehearing Denied June 3, 1982.

J. Douglas Tinker, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER, and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken from conviction for murder for which punishment was assessed by the jury at twenty-seven years' imprisonment.

In this case appellant and a witness in the case, Ms. Willis, had been romantically involved for a period of time. Shortly after they stopped seeing each other, Ms. Willis began seeing the deceased, a longtime friend of appellant whom she had met through appellant. The evidence, the sufficiency of which is not questioned, established that at approximately 3:00 a. m. on April 12, 1980, the deceased was sitting in his car talking with Ms. Willis in front of her home, having just returned from a date, when appellant approached the automobile with a gun and began firing shots. The deceased received fatal wounds to the head, and Ms. Willis was struck in the neck.

A friend of appellant, Terry Demm, testified to having been out for the evening with appellant the night of the murder. The two men parted company at about 2:00 a. m., or approximately one hour before the shooting. The witness Demm also testified as to appellant's character and good reputation.

It is appellant's contention in his first ground of error that a remark made by one of the jurors concerning Mr. Demm during deliberations in the guilt/innocence phase of the trial constituted receipt of new evidence, and that the trial court erred in denying his motion for new trial based thereon.[1] The complained of comment was made by a juror who stated that due to her own son's abuse of drugs she was aware of the physical signs indicating such, and that while on the witness stand Mr. Demm appeared to her to be "higher than a kite." Five jurors testified at the hearing on the motion for new trial. From their testimony it appears that the observation was made during a discussion concerning the testimony of the witness Demm; that it went no further than outlined above, did not lead to a general discussion, and was not mentioned again.

The credibility of the witness was for the jury to decide, and receipt of evidence touching on his credibility is within the scope of Article 40.03(7), supra. *Stephenson v. State*, 571 S.W.2d 174, 176 (Tex. Cr.App.1978). If it is uncontroverted that new evidence is received, the conviction must be reversed if that "other testimony"

---

1. "New trials, in cases of felony, shall be granted the defendant ... [w]here the jury, after having retired to deliberate upon a case, has received other evidence.... " Tex.Code Crim. Pro.Ann. Art. 40.03(7).

adversely affected the accused. *Alexander v. State*, 610 S.W.2d 750, 753 (Tex.Cr.App. 1981); *Rogers v. State*, 551 S.W.2d 369, 370 (Tex.Cr.App.1977). The issue of an adverse effect upon the accused is determined by the character of the new evidence. *Alexander*, supra; *Rogers*, supra. A new trial is not required, however, every time something is mentioned among the jurors that is not supported by the evidence. *Stephenson*, supra, at 176. Indeed, a passing remark need not even be deemed to constitute the receipt of new evidence. *Id.*

"In determining what is proper and what is improper discussion among jurors, regard must be had for the fact that the jury are supposedly men of different walks of life, avocations, and necessarily views that would be affected by their past experiences and situations. They could hardly arrive at a solution of their differences without discussion of the facts before them, and each man's discussion would necessarily be tinged or affected by his own viewpoint and experiences." *Bartell v. State*, 464 S.W.2d 863, 865 (Tex.Cr.App.1971); *Fernandez v. State*, 135 Tex.Cr.R. 12, 116 S.W.2d 1067, 1071 (1938).

■ We believe that a finding favorable to appellant on this ground would be "an overly broad application of Article 40.-03(7)," a practice which should be prevented. *Stephenson v. State*, supra, 571 S.W.2d at 176. Appellant's first ground of error is overruled.

■ In his second and third grounds of error appellant asserts error on the part of the trial court in denying his motion for new trial because the subject of parole came up during the jury's deliberations at the punishment phase of the trial. It is well settled at this point that while any discussion of parole law by the jury is misconduct, not every mention of it requires reversal. *Jones v. State*, 596 S.W.2d 134, 137 (Tex.Cr.App.1980); *Sanders v. State*, 580 S.W.2d 349, 351 (Tex.Cr.App.1979). The circumstances surrounding a particular case determine whether reversible error has been committed. *Jones*, supra, at 138.

■ As previously noted, five jurors testified at the hearing on the motion for new trial in the instant case. Their testimony concerning discussions of parole law is entirely consistent. No one professed to know how the parole law operated, but most knew of its existence before becoming a juror. The subject came up briefly two or three times, and would be quickly dropped. Admonishments were given each time. As described by Juror Dodson:

"Something would be said like, you know, usually a guy doesn't stay in jail as long as they put him because of parole and somebody said well, we're not supposed to talk about that, and let's drop it . . . . It was dropped. No discussion on it. Just it was brought up and forgotten."

In determining whether the brief remarks here constitute reversible error this Court should use a twofold test: did the jury receive "other testimony" detrimental to the accused, or did the misconduct deny him a fair and impartial trial? *Jones v. State*, supra, 596 S.W.2d at 138; *Heredia v. State*, 528 S.W.2d 847, 852 (Tex.Crim.App. 1975). We hold that neither of those two standards are met here. As stated in *Heredia*, supra:

"[I]t is common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole. [Citing authority.] Consequently, the mere mention of this common knowledge would not constitute the receipt of other evidence, nor would a further discussion of it constitute receiving new evidence any more than a discussion of any other matter of common knowledge by the jury."

Appellant's second and third grounds of error are overruled.

■ Appellant next contends that the trial court erred in denying him a mistrial after an objection to a question asked of a character witness had been sustained and an instruction given the jury. The question complained of was: "Did you know that Abel repeated, I think, the seventh, eighth, and ninth grades?"

While appellant is correct in his position that the "did you know" format for cross-examining character witnesses is the incorrect one, the harm is corrected by giving an instruction to the jury to disregard the question. *Lovilotte v. State*, 550 S.W.2d 75, 77 (Tex.Cr.App.1977); *Carey v. State*, 537 S.W.2d 757, 759 (Tex.Cr.App.1976). Appellant's fourth ground of error is without merit and is overruled.

In grounds of error five and six, the contention is made that the trial court erred in admitting into evidence two charts that were used by the prosecutor to aid in his cross-examination of the appellant. The charts, State's exhibits 18 and 19, contain a chronological list of various events leading up to the shooting. The list was prepared by the prosecutor from his memory of the testimony of four State's witnesses. The majority of the events shown on the list were related by the State's witness Mary Willis.

During the cross-examination of appellant, the prosecutor, using the chart, asked the appellant about appellant's memory of each of the incidents shown on the chart. If the appellant's memory was contrary to the information shown on the chart, the appellant's memory of what occurred was written on the chart. The charts were used in this manner without objection.

When the prosecutor finished going through each chart with the appellant, he offered each into evidence. The charts, over objection, were admitted.

■ Exhibits which have been tendered by either side in a criminal case and admitted into evidence by the court may be re-examined by the jury during their deliberations by virtue of Tex.Code Crim.Pro.Ann. art. 36.25 which states:

"There shall be furnished to the jury *upon its request* any exhibits admitted as evidence in this case.[2] (Emphasis supplied.)

In the case before us the record is silent as to whether this was ever done.

2. This article follows Tex.Code Crim.Pro.Ann. arts. 36.18–36.24 which deal with jury delibera-

■ No error is shown since there is no showing that the charts were in the jury room during deliberations.

Appellant's fifth and sixth grounds of error are overruled.

■ In his final ground of error, complaint is made of the trial court's refusal to quash the entire jury panel when, during voir dire, a prospective juror expressed her belief in appellant's guilt. The speaker was subsequently excused for cause.

The record reflects no showing that the remark was actually heard by any other members of the jury panel, nor, if any did hear it, that they were influenced thereby to appellant's prejudice. No harm has been shown. *Freeman v. State*, 556 S.W.2d 287, 308 (Tex.Cr.App.1977), *cert. denied* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 794 (1978); *Johnson v. State*, 205 S.W.2d 773, 774–75 (Tex.Cr.App.1947).

Appellant's seventh ground of error is overruled, and the judgment of the trial court is AFFIRMED.

tions following the reading of the charge, oral argument, etc.