Jimmie Lee DEARY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–778CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 11, 1984.

Dick DeGuerin, Lewis Dickson [on appeal only], Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, SEARS and SHARPE, JJ.

## OPINION

JUNELL, Justice.

Appellant has been convicted of third degree felony theft for his participation in shoplifting a cassette stereo player from a Houston discount store. Three main issues are raised on appeal. First, the appellant seeks a new trial because of jury misconduct committed when a juror related his personal experience in shopping for stereo equipment. Second, he seeks reversal because inadmissible hearsay was allowed into evidence. Third, he argues that the evidence was insufficient to sustain a conviction because the stolen cassette player was not adequately identified as store property. We reverse and remand for a new trial because of jury misconduct.

A discussion of appellant's third, fourth, and fifth grounds of error necessitates a factual summary and will be treated first. In January 1981 a shoplifting incident occurred in a Houston Target Store. Three persons were involved in the theft observed by Security Guard Steve Walton. Mr. Walton testified that he noticed a black boy, whom he had seen in the store on numer-

ous occasions, meet up with a black man (identified as appellant) in the camera and sound department of the store. As the boy and man looked at cassette players and televisions, a black woman approached with an empty baby stroller box. The appellant put the box in a shopping basket cart and the woman left the area. Then the man picked a cassette player from the shelf and placed it in the box. The boy and man started toward the front of the store but stopped when a store employee crossed their path. The appellant removed the cassette player from the box and placed it on a shelf. He went up to a customer service booth and engaged in a conversation while the boy stayed near the stroller box. The appellant returned to the sound and camera department and put the stereo cassette player back into the box. He also put two other pieces of merchandise in the box. He and the boy took the box and shopping cart to the children's department. The man exited the store while the woman met up with the boy. The woman and boy took the merchandise out of the store through the front door without stopping at a checkout register. The security guard, who had been watching the entire incident, followed the woman and boy out to the parking lot and to a car at which appellant was standing. As the boy and woman were attempting to put the stroller box into the car, the guard identified himself and asked them to accompany him back to the store. A scuffle ensued. The merchandise fell to the ground as the guard attempted to recover the property. The man and woman escaped while the boy was captured by the guard. As the guard kept control of the boy, a store employee came out and helped recover the merchandise from the parking lot. Upon returning to the store James Harris, merchandise manager for the store, saw Walton bring a black boy into the store and a store employee bring some property back into the store.

The indictment charged appellant with stealing an eight-track tape player, one cassette player and one recorder. Only theft of a cassette player was proved at trial. Both Security Guard Walton and the merchandise manager identified State "Exhibit 1" as a picture of a cassette player. "Exhibit 1" was never offered into evidence. The security guard said the cassette player pictured was the one he saw appellant place into the stroller box. The merchandise manager said the player was one of the items he saw brought back into the store along with the boy. While looking at "Exhibit 1," the manager recognized the cassette player as inventory of the store he managed and affirmed that it was owned by Target Stores, Incorporated.

■ Appellant's last three grounds of error all complain that evidence was insufficient. The proper standard for review is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc).

■ Appellant's third ground of error is that the state never proved that the cassette recorder identified by the merchandise manager was the same property stolen from the store. It is clear that Security Guard Walton, who saw the item leave the store, and Merchandising Manager Harris, who saw the item brought back into the store, were speaking of the same cassette recorder throughout the trial. The fact that Walton used various words to describe the recorder ("stereo," "cassette player," "merchandise") is understandable. The cassette recorder also contained an AM/FM stereo receiver. Appellant's third ground of error is overruled.

■ In his fourth ground of error appellant contends that the state failed to prove that the property was taken without the consent of Target Stores, Incorporated, because the state did not adequately show that Mr. Harris had the requisite authority to act on behalf of Target Stores, Incorporated, in identifying the stolen merchandise. Mr. Harris testified that he was employed by "Target Stores" as merchandise manager for "the store" where the theft

occurred. As merchandise manager he had care, custody and control of the merchandise on sale at the store the day of the theft. He stated that all of the merchandise on sale on the floor of Target Stores was property owned by Target Stores, Incorporated. This adequately established his credentials as custodian of property of Target Stores, Incorporated. Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error is that the state failed to prove that the property was owned by Target Stores, Incorporated. This was established by direct testimony by Mr. Harris. "Q. And was this cassette player (Exhibit 1) owned by Target Stores, Incorporated? A. Yes, it was." This last ground of error is overruled.

## NEW TRIAL MOTION

Appellant's first ground of error is that the trial court erred in refusing to grant a new trial because a juror during deliberations related his experiences in shopping for stereo equipment. At trial defense counsel successfully raised a question in the minds of some jurors as to the value of the cassette player by suggesting that the price tag on the player could have included two speakers displayed alongside it. There was no evidence that any speakers were stolen.

A hearing was held on the new trial motion. Juror Otilio P. Gutierrez testified that at the beginning of deliberations he had been confused as to what type of stereo equipment was stolen and its value. Juror Michael King related that he had been shopping for stereo equipment and from that experience felt that it was reasonable to believe that the cassette player alone had a value over $200. King explained to Gutierrez the nature of component stereo systems and the fact that pieces of equipment can be purchased separately. He said that he had paid more than $200 for a stereo/tape player without speakers. All but one of the jurors testified at the hearing. None disputed the fact that the conversation took place; however, some did not remember it. Juror Arthur Adams, who had alerted appellant's defense attorney to the alleged misconduct, testified that he heard King's explanation and that it changed his mind to vote guilty instead of not guilty.

■ A defendant is entitled to a new trial "where the jury, after having retired to deliberate upon a case, has received other evidence." Tex.Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979). The test to be applied in determining grounds for reversal under art. 40.03 are: (1) that other testimony or other evidence was actually received by the jury, and (2) that such evidence was detrimental to the appellant. *Garza v. State*, 630 S.W.2d 272, 274 (Tex.Crim.App. 1982).

■ The state contends that King's testimony was not "received" because it was made in passing and whatever harm it may have caused was cured by King's own admonishment to consider only submitted evidence. We hold the comments were not in passing. King explained the nature of component systems, that speakers need not be purchased with other equipment, and the price he paid for his purchase. This was more than a passing comment. *Cf. Rodriguez v. State*, 661 S.W.2d 332, 336 (Tex.App.—Corpus Christi 1983, pet. ref'd) and *Zuniga v. State*, 635 S.W.2d 780 (Tex. App.1982, pet. ref'd).

The state also urges that the misconduct was cured by this statement made by King during deliberations:

And he [Gutierrez] said, "Well, how can we be sure that the system"—or that what Mr. Deary took—"was worth $200.00 or more?" And I said, "Well, the only thing that we have to go by— the only thing that we're supposed to go by—is the testimony. And the testimony is when the guy looked—when the merchandising manager held the photograph and looked at the picture and Mr. Cossum asked him, 'Was this worth more than $200.00 or more,' the guy said yes. And nobody ever said differently." And so I said, "The only testimony we have is

that. And that's what I'm basing my decision on, and that's what I believe."

The statement above was not strong enough to cure the misconduct. It was not made by the presiding juror. It did not cause the other jurors to reject the improper remarks. *Cf. Eckert v. State,* 623 S.W.2d 359 (Tex.Crim.App.1981).

The other evidence brought in by Juror King was detrimental to the appellant because his guilt on the felony charge depended upon whether the value of the cassette player exceeded $200.00. *See Bearden v. State,* 648 S.W.2d 688 (Tex.Crim. App.1983) (en banc); *Alexander v. State,* 610 S.W.2d 750 (Tex.Crim.App.1980) and *McGary v. State,* 658 S.W.2d 673 (Tex.App. —Dallas 1983, pet. ref'd). We need not consider, nor would it be proper to consider, Juror Adams' statement that King's comments made Adams change his mind to vote guilty. The first ground of error is sustained.

### HEARSAY BY INFERENCE

■ We now address appellant's second ground of error concerning hearsay to avoid repeating error during retrial. After the shoplifting incident, Security Guard Walton brought the boy involved with appellant back into the store where he was interviewed by Houston Police Officer D.L. Rogers. The boy identified the adults involved in the theft and Officer Rogers used those names to locate in police files a photograph of Deary. That photo was included in an array presented to the security guard ten days after the incident. Security Guard Walton testified at trial that he picked appellant's picture out of the array.

Inadmissible hearsay was allowed into evidence by the trial judge after timely objections were made by defense counsel out of the hearing of the jury and again when the jury was present. The judge allowed Officer Rogers to testify that he asked the boy for the names of the two persons involved with him, and as a result of that conversation the officer went to the identification division and located one photograph. Later in the trial a detective was allowed, again over objection, to testify that Security Guard Walton picked out the photograph of appellant as the man who committed the theft.

Appellant would have us call this sequence of testimony hearsay by inference. The term is as good as any. The officer was not allowed to testify "the boy named Jimmie Lee Deary as his accomplice." But the unavoidable inference from the testimony as a whole conveyed the same information. *See Trussell v. State,* 585 S.W.2d 736, 739 (Tex.Crim.App.1979) and *Vines v. State,* 479 S.W.2d 322, 324 (Tex.Crim.App. 1972). The boy was not on the stand, was not available for cross-examination and the jury was not able to assess his demeanor. All of the underlying concerns that engendered the hearsay rule are present here. The judge should have cut off questioning of Officer Rogers after he stated he had a conversation with the boy. The state could still have presented evidence that the security guard identified appellant in a photo array. Allowing the jury to find out how the police came to get a picture of appellant was error. The state argues that any error in allowing hearsay by inference was harmless because the security guard positively identified appellant at trial. We need not decide whether the error was harmless because a new trial is necessary. The appellant's second ground of error is sustained.