Arthur Lee EARLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00372–CR.

Court of Appeals of Texas, San Antonio.

July 16, 1986.

**732**

Peter A. Sakai, San Antonio, for appellant.

Daniel Thornberry, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated robbery with a deadly weapon as a repeat offender. The defendant was found guilty in a jury trial, and the trial court, finding the enhancement allegation to be true, assessed punishment at life imprisonment.

The evidence established that the defendant and Mark Wayne Miller committed an armed robbery of a grocery store in San Antonio. The defendant urges three related grounds of error pertaining to an alleged conversation between a detective and Miller. The trial court permitted the State, in its opening statement to the jury, to relate that a San Antonio robbery detective went to Louisiana and talked with Miller and another person named Cynthia Moore and, based upon the conversations had with these individuals in Louisiana, came back to San Antonio and issued a warrant for the arrest of the defendant. The defense's objection and motion for mistrial were overruled by the trial court.

During the State's case-in-chief officer Self was permitted to testify that he went to New Orleans, had a conversation with Mark Miller and Carolyn Nice on January 18, that he subsequently returned to San Antonio and continued his investigation and filed the case on January 28. The defendant's objections were hearsay and a denial of the Sixth Amendment right to cross-examination and confrontation.

The defendant denominates the objectionable testimony as "hearsay by inference,"

a phrase coined in *Deary v. State*, 681 S.W.2d 784, 788 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd), which case defendant primarily relies on for authority.

*Deary* was actually reversed because of jury misconduct unrelated to the hearsay by inference. The court of appeals did sustain the ground of error complaining of the admission of the inferential hearsay. The trial judge had permitted a police officer to testify that he had asked a third party for the names of two persons involved with him in a crime. The officer further testified that as a result of that conversation he went to the identification division and located a photograph of the defendant. Further testimony was that a witness picked out the photo of the defendant as the man who had committed the crime. The appellate court said, "The judge should have cut off questioning after he stated he had a conversation with the boy." This points out the distinguishing feature between *Deary* and the case at bar. In our present case the trial judge did limit the testimony of the witness to a statement that he had a conversation, not permitting him to relate either side of the conversation. There are numerous Texas cases in which police officers have been permitted to testify that they took some sort of action based on conversations with or reports from individuals who were not witnesses. *See Black v. State*, 503 S.W.2d 554, 557 (Tex.Crim.App.1974) (defendant's car stopped as a result of description given to police officer); *Morris v. State*, 411 S.W.2d 730, 733 (Tex.Crim.App.1967) (defendant arrested as a result of a phone call); *Johnson v. State*, 379 S.W.2d 329, 333 (Tex.Crim.App.1964) (police stopped defendant's car after receiving radio broadcast).

■ The acts or conduct of a person out of court is generally not subject to the hearsay objection unless the conduct amounts to an assertion. *Vines v. State*, 479 S.W.2d 322, 324 (Tex.Crim.App.1972); 1A C. McCORMICK & R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 784 (Texas Practice 3d ed. 1980). Generally the arrest of the defendant is not

a material issue unless raised by the defendant. Any attempt by the State to offer evidence relevant to such issue could be barred by proper objection by the defense as to relevance. *Hardesty v. State*, 667 S.W.2d 130, 133 (Tex.Crim.App.1984). Evidence must be relevant to a contested fact or issue to be admissible. The determination of this admissibility is within the sound discretion of the trial judge. *Stone v. State*, 574 S.W.2d 85, 89 (Tex.Crim.App. 1978). Since the objection was not relevance but hearsay, and the trial judge appropriately restricted the testimony, no error is shown. The first three grounds of error are overruled.

■ Defendant's fourth ground of error maintains that the trial court should have granted a continuance because of the admission of the evidence discussed in grounds one, two and three above. The defendant contends that under TEX.CODE CRIM.PROC.ANN. art. 29.13 (Vernon Supp.1966) he was entitled to a continuance because the unexpected admission of the described testimony so took him by surprise that a fair trial could not be had. A continuance or postponement under this statute is addressed to the sound discretion of the trial court. Since we have held that the admission of the testimony was not error, we likewise hold that the refusal to postpone the case was not improper. The fourth ground of error is overruled.

■ Ground of error five asserts reversible error for failure to comply with the provisions of the Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986). This Court has previously held that the Speedy Trial Act is unconstitutional. *Creel v. State*, 710 S.W.2d 120 (Tex.App.—San Antonio 1986, no pet.). Nevertheless, we note that the State's timely announcement of ready created a *prima facie* showing of readiness and shifted the burden to the defense to rebut that showing. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App.1979). The defendant did not rebut the *prima facie* case. He only filed a sworn motion to dismiss, which is not evidence and cannot

be considered as such. *Jones v. State*, 659 S.W.2d 492, 493 (Tex.App.—Fort Worth 1983, no pet.). Ground of error five is overruled.

 Under ground of error number six the defendant complains of the pen packet being received into evidence over his objection. The defendant argues that TEX. REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1986), pursuant to which the pen packet was admitted into evidence, has been repealed and replaced by the Texas Rules of Evidence. The order of the Texas Supreme Court adopting the Texas Rules of Evidence repealed article 3737e only in so far as it related to civil actions. The article still applied to evidence offered in this criminal proceeding. Defendant also claims there was a material variance between the dates of the alleged enhancing offense in the indictment and that offered in the pen packet. We find no material variance that would have prejudiced the defendant. *Cole v. State*, 611 S.W.2d 79, 82 (Tex.Crim.App.1981). The final ground of error is overruled.

The judgment of conviction is affirmed.