NO. 07-09-0265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 1, 2009

______________________________

IN RE RANDY LACKEY, RELATOR

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

By this original proceeding, Relator, Randy Lackey, an inmate currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice, proceeding 
pro se 
and 
in forma pauperis
, seeks a writ of mandamus to compel the Honorable Gordon Green, Judge of the 287th District Court of Bailey County, to consider and rule on a brief and motions and proceed to trial or final judgment.  For the reasons herein, Relator’s request for mandamus relief is denied.    

Background Facts

According to exhibits attached to Relator’s petition, Real Party in Interest, Robert McCool, an attorney, was retained to represent Relator in a forfeiture proceeding pending in Bailey County and a criminal proceeding pending in Lubbock County.  After McCool failed to appear for a hearing scheduled in the forfeiture proceeding, judgment was rendered against Relator resulting in loss of personal property in the amount of $12,256.  Relator then sued McCool for legal malpractice in 2002.  In 2003, the trial court ordered the suit abated due to the pendency of a similar malpractice suit in the 72nd District Court of Lubbock County.  On April 5, 2004, the trial court ordered the parties to file briefs itemizing the issues to be litigated.  Relator was given thirty-five days in which to file his brief and McCool was given thirty days after the date Relator’s brief was filed in which to respond.

Relator filed a brief distinguishing the two lawsuits.  Although Relator’s brief is not file stamped, the certificate of service reflects that a copy was mailed to McCool on May 5, 2004.  Relator explained that the malpractice suit pending in the 72nd District Court of Lubbock County was for McCool’s failure to appear in Relator’s criminal trial for theft, while the malpractice suit filed in the 287th District Court of Bailey County was for McCool’s failure to appear for Relator’s forfeiture proceeding.  According to Relator, the issues to be resolved in his malpractice suit resulting from McCool’s failure to appear at the forfeiture proceeding are whether McCool was obligated to appear and whether he is liable for the damages resulting therefrom. 

According to Relator’s petition for writ of mandamus, McCool failed to file his brief as ordered by the trial court.  On February 23, 2009, Relator filed, among other documents, “Plaintiff’s Request for Jury Trial with Brief in Support” and “Plaintiff’s Motion for Leave of the Court to File His First Amended Petition.”  By correspondence dated March 16, 2009, Relator reminded the Bailey County District Clerk of his earlier filings and noted that if he did not hear anything in fourteen days, he would be seeking mandamus relief in this Court. 

Relator was notified by letter from the District Clerk on March 27, 2009, that all his correspondence had been made available to the judge.  She advised him that the judge sets all hearing dates and at that time, she had no settings in the case.
(footnote: 1)
Mandamus Standard of Review

“Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.”  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting
 Johnson v. Fourth Court of
 
Appeals
, 700 S.W.2d 916, 917 (Tex. 1985)
 (orig. proceeding).  To show entitlement to mandamus relief, a 
relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).

Relator asks this Court to compel Judge Green to rule on his brief and motions in which he requests to proceed to trial or final judgment.  We recognize that an inmate has the constitutional right of access to the courts and may not be denied access simply because he is incarcerated.  
Hudson v. Palmer
, 468, 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); 
In re Z.L.T.
, 124 S.W.3d 163, 165 (Tex. 2003).
(footnote: 2)  However, an inmate does not have an absolute right to appear in person in every court proceeding.  
Id.
 at 165.  Therefore, before the trial court has a duty to schedule a trial, Relator has the burden to establish that he will be ready to prosecute his claim. 

Nothing in the documents filed in this Court reflects that Relator would be able to appear for a trial setting.  In the proceeding below he is appearing 
pro se.  
There is no indication that he has retained or intends to retain counsel to represent his interests; nor does he suggest that he will be released from incarceration in the near future and be able to represent himself; neither has he demonstrated that he requested and was denied a bench warrant 
ad prosequendam
.
(footnote: 3) 

Mandamus relief is an extraordinary remedy.  
In re Southwestern Bell Telephoen Co.
,
 L.P.
, 235 S.W.3d 619, 623 (Tex. 2007) (original proceeding). 
 
We decline to compel Judge Green to set a trial date without Relator providing him the factual information necessary to do so.  At this time, Relator has not demonstrated that Judge Green clearly abused his discretion or violated a duty imposed by law.

Consequently, Relator’s petition for writ of mandamus is denied.

Patrick A. Pirtle

      Justice

nstructed that your deliberations must be based solely upon the evidence admitted here before you under the rulings of the Court.  And I haven’t heard a bit of evidence concerning the question that is propounded to the Court.  So the answer to that is an unequivocal “No.”

As to the second question, the judge stated, “‘What difference does it make?’ and the answer is ‘No.’”  In addressing the third question, the judge instructed the jurors that they should not concern themselves with the effect of their answers, but that they should merely answer the questions according to the instructions that they had received from the court.  The jury then returned to its deliberations.  

The language of appellant’s third issue sets out complaints about the trial court’s refusal to simply instruct the jury to refer to the written charge previously given, and the comments the trial court made to the jury.  The body of the issue, however, addresses two areas: receipt of and consideration by the jury of “other evidence,” and the court’s comments to the jury in response to the jury’s questions.  Appellant urges that (1) pursuant to 
Tex. R. App. P. 
21.3(f) and (g),
(footnote: 3) the receipt of “other evidence” requires that a new trial be granted, and (2) a new trial should be granted because the trial court abused its discretion in making oral comments to the jury which substantially affected the rights of appellant because appellant received a life sentence while being parole eligible.

        The State responds that: (1) error was not preserved by appellant as to either subject area presented in the body of the issue and the complaints at trial do not correspond with the complaints on appeal, (2) the trial court’s statements were not improper comments on the weight of the evidence, (3) the trial court’s statements were not an additional instruction to the jury, and (4) the record does not contain any evidence that (a) the jury discussed a media report, (b) a media report influenced the jury’s deliberations on punishment, or (c) the jury disregarded the trial court’s instructions to base its verdict solely on evidence admitted at trial.  The State does not challenge the form of appellant’s issue as not presenting the complaints made in the body of the issue.  
See
 TRAP 38.1(e). 

      The trial court received the jury note containing the questions posed and read the questions to counsel.  The court then stated, in substance, that it ordinarily would respond to the jury in writing, but that under the circumstances it intended to call the jury into the courtroom and, as diplomatically as possible, answer the first two questions “No,” and tell the jurors that they should follow the written instructions as to the last question.  Appellant moved for a mistrial.  He asserted that the note indicated that one or more of the jury had disregarded either the court’s instructions not to follow the case in the media or the instruction not to discuss the case with anyone until after deliberations began.  In the alternative, appellant requested the court to simply instruct the jury to continue deliberating according to the evidence and the court’s instructions and charge.  The court specifically denied both of appellant’s requests.  

The trial court clearly understood appellant’s objections at that time and ruled on them.  Appellant preserved error to the extent a motion for new trial was not necessary to adduce facts not in the record.  
See
 TRAP 21.2.  To the extent that evidence is not in the record to support appellant’s issue, however, appellant was required to file and present a motion for new trial to the trial court so a hearing could be conducted to adduce any evidence necessary to support appellant’s issue.  
See
 
id
.; 
Carranza v. State
, 960 S.W.2d 76, 78-9 (Tex.Crim.App. 1998) (appellate court should not reverse trial court on a matter not brought to trial court’s attention).  Appellant filed a Motion for New Trial, but the record does not reflect that it was presented to the trial court.  Because he did not present his motion for new trial to the trial court, appellant did not preserve error for review, 
see
 
id
., except to the extent that we may evaluate his assertions on the record before us.  

Appellant cites 
Eckert v. State
, 623 S.W.2d 359, 365 (Tex.Crim.App. 1981), for the proposition that evidence other than evidence admitted during trial is “received” when there has been some discussion of it.  
Eckert
, however, merely exemplifies the rule that whether other evidence is “received” by a jury after deliberations have begun is many times a question of both fact and degree.  
See
 
id
. at 364; 
Stephenson v. State
, 571 S.W.2d 174, 176 (Tex.Crim.App. 1978).  A new trial for “receipt of other evidence” is not required every time something is mentioned among the jurors that is not supported by the evidence.  
See Eckert
, 623 S.W.2d at 364; 
Stephenson
, 571 S.W.2d at 176.  

Appellant has not proved that the jury received other evidence.  The jury foreperson questioned the judge whether a media report could be considered.  No evidence demonstrates whether the foreperson had acquired some knowledge of such a report and made inquiry of the judge before discussing it with other jurors, whether some juror had mentioned such a report and had been admonished by the other jurors not to discuss the report until inquiry had been made of the judge, or whether such a report had been discussed at length by the jurors.  Simply put, the record does not demonstrate anything beyond the note to the judge signed by the foreperson and an immediate and forceful response by the judge that the jury was only to consider the evidence admitted at trial.  
We presume that the jury followed the instructions of the court.  
See
 
Cobarrubio v. State
, 675 S.W.2d 749, 752 (Tex.Crim.App. 1983)
.  Appellant has not shown that the jury “received” evidence other than that admitted at trial within the meaning of TRAP 21.3(f), and, therefore, has not shown that the jury engaged in misconduct proscribed by TRAP 21.3(g) by receiving other evidence.

We next consider the trial court’s comments to the jury in response to the jury’s note and questions.  We have previously set out the comments.  Appellant urges that the comments are to be analyzed as charge error and that the harm of the comments is governed by 
Almanza v. State
, 686 S.W.2d 157 (Tex.Crim.App. 1984).  He further posits that his substantial rights were harmed by the comments because he was probation eligible but the jury assessed his punishment at life imprisonment.   

When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction.  
See
 
Daniell v. State
, 848 S.W.2d 145, 147 (Tex.Crim.App. 1993).  But, a communication from the court that merely refers the jury to the original charge is not an "additional instruction."  
See
 
Earnhart v. State
, 582 S.W.2d 444, 450 (Tex.Crim.App.1979). 

The issue of harm in the context of jury charge error is controlled by Article 36.19  and 
Almanza
.  
See
 
Daniell
, 848 S.W.2d at 148 n.4.  In the absence of harm, an issue complaining of the trial court's communications with the jury should be overruled.  
See
 TRAP 44.2(b); 
McGowan v. State
, 664 S.W.2d 355, 358-59 (Tex.Crim.App.1984).        

The trial court’s response to the third question was no more than referral of the jury to the original charge.  Appellant did not object to the original charge, and, other than his claim that an accomplice witness instruction should have been given, does not assert that the charge was erroneous.  The court’s response to question three was not error resulting in harm to appellant.  
See
 
Earnhart
, 582 S.W.2d at 450.

The trial court’s responses to the first two of the three jury questions, however, were more than mere referrals of the jury to the original charge.  The responses to the first two questions were substantive discussions of and answers to the two questions posed.  Therefore, we must consider the comments as additional or supplemental jury instructions a
nd look to the rules governing jury instructions in determining whether the substance of such communications was improper.  
See
 
Daniell
, 848 S.W.2d at 147.  
In so doing, we need not determine whether the comments were improper, because (1) the argument in appellant’s brief consists only of a conclusory statement that appellant was harmed because he was sentenced to life although he was probation eligible, and (2) the trial court’s comments were, as classified by appellant’s brief, in the nature of “scolding” the jury for inquiring as to matters outside the scope of their charge and telling the jurors that they could not consider the matters referred to because such matters were outside the evidence.   

Without presentation of substantive argument or supporting authorities by the party asserting the issue, an issue cannot be adequately evaluated and will be overruled.  
See
 
Lagrone v. State
, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). 
 Appellant has waived his complaint of harm by failing to provide substantive authority or argument as to how he has been harmed by the comments.  Furthermore, we conclude that in context of this record, the trial court’s answers and instructions to the jury in response to the first two questions were designed to and did no more than focus the jury’s attention on its charge to consider only the evidence adduced during trial.  
After examining the record as a whole, we have fair assurance that the comments, even if erroneous, did not influence the jury adversely to appellant, or at most had no more than a slight effect.   
See
 
TRAP
 44.2(b); 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).  Accordingly, the error, if any, must be disregarded.  
Id
.  
Issue three is overruled.

ISSUES 2 AND 4: INEFFECTIVE 

ASSISTANCE OF COUNSEL

By his second and fourth issues, respectively, appellant contends that his trial counsel was ineffective for: (a) failing to investigate and adequately prepare for trial by not having witness Vetisha Rimel subpoenaed to testify at trial; and (b) failing to seek an accomplice witness instruction.  The State maintains that appellant has not shown harm from the matters alleged, even if such matters constituted deficient assistance of counsel under appropriate standards.

In determining whether counsel’s representation was so inadequate as to violate a defendant’s Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984).
(footnote: 4)  
See
 
Hernandez v. State
, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).  Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed to defendant by the Sixth Amendment.  
Id
. To be successful in this regard, an appellant must show that counsel's representation fell below an objective standard of reasonableness.  
Id
. at 688.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
. at 687.  The appropriate standard for judging prejudice requires an appellant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id
. at 694.  Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail.  
See
 
Tong v. State
, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000).

  
    Assuming, without deciding, that appellant’s counsel’s failure to subpoena Vetisha Rimel was deficient performance, the proof showed only that had Rimel been present under subpoena, she might have testified to having been threatened by Casey Cox before Cox was shot by appellant.  Rimel’s anticipated testimony would not have contradicted any material evidence of appellant’s actions in preparing to shoot and in shooting Cox.  
Under the record presented, appellant has not proved to a reasonable probability that, but for counsel’s failure to subpoena Rimel as a witness, the result of the proceeding would have been different.  
Appellant has failed to demonstrate prejudice from the alleged deficiency.  
See
 
Everage v. State
, 893 S.W.2d 219, 223-24 (Tex.App.--Houston [1
st
 Dist.] 1995, pet. ref’d).  His second issue is overruled.

In urging that his counsel was ineffective for failing to seek an accomplice witness instruction, appellant notes that Warr, Polley and Baeza, the three gang members involved in discussing the killing of Cox and in luring Cox to the place where she was shot, were charged with offenses arising out of the killing of Cox.  Appellant cites Article 38.14 and various Court of Criminal Appeals cases for authority that he was entitled to have an accomplice witness instruction in the jury charge.   

Again assuming, without deciding, that the omission which appellant urges as deficient performance by his counsel was in fact deficient performance, the record does not prove that appellant was prejudiced by the omission.  In addition to testimony of his co-gang members Warr and Polley, the State introduced testimony from Marvin Herrera, another of the Southside La Familia gang members.  Herrera testified that appellant admitted killing Cox and that appellant described “how the brains went everywhere” after he shot Cox.  The State also called Corey Cain, another gang member and brother of Jamie Cain, as a witness.  Corey testified that appellant admitted shooting Cox.  Russell Johnson, a firearms and tool mark analyst with the Department of Public Safety Crime Laboratory in Austin, testified that the bullet and casing found near the crime scene was fired from a pistol identified as belonging to appellant and which was found concealed in appellant’s bed.  

The accomplice witness testimony was adequately corroborated by other evidence connecting appellant with the crime.  
See
 Article 38.14.  Regardless of whether failure to request an accomplice witness instruction was deficient performance by his attorney, appellant has not 
proved to a reasonable probability that, but for counsel’s failure to request the instruction, the result of the proceeding would have been different.  
Appellant has failed to demonstrate prejudice from the alleged deficiency, and has failed to prove ineffective assistance of counsel.  
See
 
Rangel v. State
, 972 S.W.2d 827, 835 (Tex.App.–Corpus Christi 1998, pet. ref’d).  His fourth issue is overruled. 

CONCLUSION

Having overruled appellant’s four issues, we affirm the judgment of the trial court.

Phil Johnson

     Justice        

Publish.

FOOTNOTES
1:
In his petition for writ of mandamus, Relator assumes his request to the trial court has been refused.  He recites “the Clerk of the Court stated that she had submitted the documents to the judge (Respondent).  Thus, Relator’s request has been refused.”  However, the limited record filed with the petition for writ of mandamus does not include any orders denying him any relief.  If the trial court had ruled on his motions, mandamus would not lie.

2:
There is no absolute right to be present in a civil action, and access may be by other means such as affidavit, deposition, or telephone.  
See In re R.C.R.
, 230 S.W.3d 423, 426 (Tex.App.–Fort Worth 2007, no pet.). 

3:
Merely requesting a bench warrant for purposes of prosecuting a civil lawsuit does not demonstrate entitlement to a bench warrant.  In addition to requesting a bench warrant, Relator must also justify the need for his presence, which must be weighed against the protection of our correctional system’s integrity.  
 See In re Z.L.T.
, 124 S.W.3d at 165.  Texas courts of appeal have recognized a variety of factors to be considered when deciding whether to grant an inmate’s request for a bench warrant 
ad prosequendam
:  (1) the cost and inconvenience of transporting the inmate to the courtroom; (2) the security risk the inmate presents to the court and public; (3) whether the inmate’s claims are substantial; (4) whether the matter’s resolution can reasonably be delayed until the inmate’s release; (5) whether the inmate can and will offer admissible, non-cumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; (6) whether the inmate’s presence is important in judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and (8) the inmate’s probability of success on the merits.  
 Id. 
at 165-66.

3:
4: